Withers, J.
delivered the opinion of the Court.
The action was founded on what was alleged to be an account stated, and the sum claimed was one. hundred and eighteen dollars 76§ cents, with the interest from the 1st day of March, 1837. This balance arose on a settlement had with the plaintiff by the defendant in reference to a suit in Equity, wherein the plaintiff was one of the complainants, against M. James, deceased, as trustee.
The acknowledgment relied upon to escape the bar of the statute of limitations was made to one Wm. M. Felder, who was in conversation with the defendant’s intestate in February, 1844, about the question whether the plaintiff should attend medical lectures — and the language used is reported by the said witness as follows, to wit, “ Joe need not scruple about owing me the amount, for I am owing him money on the trust estate, with interest from the day of settlement (that is the statement which Hemphill made at my house) and adding the interest I owe him $330.”
° ' MS. cases t ivrl847- - 2 McMul.505.
The question is, does this identify the debt sued on with that of which M. James, deceased, spoke? Many examples of what the rule is on this subject may be found in our books ; gome of iater qate may |3e consulted in the cases of Cooke v. Ashe, Chambers and Campbell v. Sims, and Williamson v. King, adm'r. of Bacot. It is said in the last case cited, the acknowledgment must be of some specific demand — that “the promise should be so explicit that the liability could be made aPParent by stating the terms of the undertaking in a declar-atj011i referenCe being had to the old demand for a consideration ; that is, the extent of the liability must appear in the terms of the assumption.”
In the case of Chambers & Campbell v. Sims, Sims the deceased was'spoken to in Columbia about the demand of the plaintiffs and he said he was in a hurry then, but he would be down soon again, and would then settle by giving a note or by paying the cash. It did not appear that the plaintiffs had more than the demand sued upon — yet it was held not to be sufficiently identified.
The statement of the foregoing cases is enough to shew that the doctrine established by them must prove fatal to the plaintiff in the case before us.
As to the proposition laid down on the Circuit, to wit, that after the statute had barred a claim, a mere naked acknowledgment that the debt was owing, with nothing more, was not enough to answer the plea of the statute; there must be also a promise to pay, or language used clearly equivalent to a promise to pay — the Court is not now prepared to speak with authority. For that reason a discussion of the subject here is also declined. This case may well be disposed of on the other ground hereinbefore presented — not to insist upon the circumstance that the conversation was with a stranger, and that if it was meant to be a promise to pay at all, it was not made to the plaintiff.
The motion is refused.
The whole Court concurred.

Motion refused.